# In the United States Court of Federal Claims

| | |
|---|---|
| TYSON L. MANKER,<br><br>                    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>                    Defendant. | No. 24-cv-0612<br>(Filed: September 30, 2025) |

Nathaniel E. Castellano, Jenner & Block LLP, Washington, D.C., for Plaintiff.

Sean K. Griffin, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. With him on the briefs was Major Nicole A. Oberjuerge, Litigation Attorney, U.S. Army Legal Services Agency.

## **OPINION AND ORDER**

Meriweather, Judge.

      This case arises from a ruling by the Board for Correction of Naval Records ("BCNR" or "Board") denying Plaintiff, Tyson L. Manker's ("Mr. Manker") petition seeking medical disability retirement pay and benefits and a correction of alleged errors and injustices in his military service record. Although this Court's review of such cases typically is limited to the administrative record, Mr. Manker has filed a Motion for Leave to Conduct Limited Discovery ("Mot."), ECF No. 12, seeking discovery in furtherance of his claim that a government official, Leo Raya ("Mr. Raya"), acted in bad faith and made material misrepresentations that undermine the BCNR's decision. Mr. Manker contends that Mr. Raya falsely certified that he examined Mr. Manker as part of a post-deployment health assessment ("PDHA") exam. Mr. Manker seeks to depose Mr. Raya and serve seven requests for production of documents on the United States. Having reviewed the parties' briefs[1] and the relevant law, and for the reasons explained below, the Court **DENIES** Mr. Manker's Motion for Leave to Conduct Limited Discovery.

---

[1] This opinion is based on the following filings: Compl., ECF No. 1; Admin. R., ECF No. 9 ("AR"); Pl.'s Mot. for Disc., ECF No. 11; Def.'s Opp'n to Mot. for Disc., ECF No. 19 ("Opp'n"); Pl.'s Reply in Support of Mot. for Disc., ECF No. 22 ("Reply"). Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (e.g., *1), in which case the reference is to the pagination assigned by PACER/ECF.

## BACKGROUND

In June 2016, Mr. Manker applied pro se to the Naval Discharge Review Board requesting a change to the narrative reason for his separation from the Marine Corps and an upgrade of his discharge status from "Other Than Honorable" to "Honorable." Compl. ¶ 84. The application was denied. *Id.* ¶ 85. Two years later, Mr. Manker participated in a class action case against the Secretary of Navy resulting in the upgrade of his discharge status to Honorable.[2] *Id.* ¶¶ 5, 86, 88, 89, 91. Thereafter, Mr. Manker applied to the BCNR requesting medical disability retirement pay and benefits and the correction of alleged errors and injustices in his military service record. *See id.* ¶ 92. Mr. Manker maintains that the BCNR issued an Advisory Opinion ("AO") with "a number of factual and legal errors," including a statement that Mr. Manker received a PDHA exam. *Id.* ¶¶ 95, 99; *see also* Mot. at 6. Within days, Mr. Manker submitted a response contesting the alleged errors in the AO. *See* Compl. ¶ 100. On February 15, 2023, the BCNR issued a decision denying Mr. Manker's requests. *See id.* ¶ 103; Mot. at 6; Opp'n at 2.

On April 19, 2024, Mr. Manker filed his Complaint in this Court challenging the BCNR's decision. *See generally* Compl. Subsequently, the parties filed cross-motions for judgment on the administrative record.[3] *See* Pl.'s Mot. for J. on the Admin. R., ECF No. 11; Def.'s Cross-Mot. for J. on the Admin. R., ECF No. 18.

In the pending Motion, Mr. Manker seeks leave to conduct limited discovery "as necessary for effective judicial review." Mot. at 1. Mr. Manker seeks to depose Mr. Raya and to serve seven requests for production of documents on the United States to "rebut any presumption of regularity that might attach to Mr. Manker's [PDHA] questionnaire." *Id*. at 9–10; Pl.'s First Set of Reqs. for Production of Docs. ("RFP") at 5–7, ECF No. 12-3.

## LEGAL STANDARD

The Military Pay Act, 37 U.S.C. § 204, authorizes the Court of Federal Claims to review a decision of a Board for Correction of Military Records including "requests for reinstatement or back pay" and "claims for pay from military retirement due to disability stem[ming] from 10 U.S.C. § 1201." *Walker v. United States*, 168 Fed. Cl. 171, 176 (2023). In such cases, the Court determines whether the military review board's ruling "is arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006) (cleaned up) (citing *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998)). That standard "necessarily limits the Court of Federal Claims' review to the administrative record." *Id.*; *see also Spellissy v. United States*, 103 Fed. Cl. 274, 283 (2012). Nonetheless, the Court may allow the parties to supplement the administrative record if "the omission of extra-record evidence precludes effective judicial review." *Axiom v. United States*, 564 F.3d 1374, 1380 (Fed. Cir. 2009); *see also Manago v. United States*, 164 Fed. Cl. 424, 436 (2023). "The party seeking to supplement the administrative record bears the burden of demonstrating why the

---

[2] *See Manker v. Del Toro*, No. 18-cv-0372 (D. Conn. Mar. 2, 2018).

[3] This Opinion does not resolve the pending cross-motions.

existing record is insufficient." *Kennedy v. United States*, 140 Fed. Cl. 506, 518 (Fed. Cl. 2018) (citing *DataMill, Inc. v. United States*, 91 Fed. Cl. 722, 723 (2010)). Judges "must exercise restraint" when considering whether to grant such a request. *Miller v. United States*, 119 Fed. Cl. 717, 726 (2015).

## DISCUSSION

Mr. Manker has moved to supplement the administrative record and to gather the supplemental evidence through discovery, arguing that he needs "limited discovery to refute the false assertion that he received a physical examination as part of his [PDHA]." Mot. at 9. Mr. Manker contends that he was not examined by a physician as part of a PDHA, that Mr. Raya's certification that he conducted such an examination is false, the AO relied on that false certification, and the BCNR adopted the incorrect finding from the AO. To develop a record on which to review those assertions, Mr. Manker seeks to depose Mr. Raya and to serve seven production requests on the United States. *See* Reply at 10; Mot. at 10. Specifically, Mr. Manker requests documents: (1) concerning his PDHA; (2) relating to the United States compliance with PDHA for service members in 2003; (3) relating to the "administration of face-to-face health assessments" as part of the Marine Corps' PDHA process; and (4) relating to certain reports[4] published by United States Government Accountability Office ("GAO") between 2002 to 2005 and 2016 to 2018. *See* RFP at 5–7. The United States urges the Court to deny this request, noting that (1) the proposed supplemental evidence is neither probative to the key issues in this case nor necessary for effective review of the Board's decision and (2) Mr. Manker has waived the bad faith argument and failed to demonstrate that the BCNR decisionmakers acted in bad faith. *See* Opp'n at 2. The United States also contends that Mr. Manker's discovery requests are "mind-bogglingly broad . . . and not tailored to any specific individual or event involved in this case." *Id.* at 21.

In military pay cases the Court's "focal point" of review is "the administrative record already in existence, not some new record made initially in the reviewing court." *Manago*, 164 Fed. Cl. at 436 (citing *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009)). The Court presumes that a board's actions are performed "according to the regulations and consider[] all of [plaintiff's] records." *Melendez Camilo v. United States*, 642 F.3d 1040, 1045 (Fed. Cir. 2011). Hence, the Court limits supplementation of the administrative record to narrow circumstances to avoid "converting the 'arbitrary and capricious' standard into . . . de novo review." *Manago*, 164 Fed. Cl. at 436–37 (quoting *Axiom*, 564 F.3d at 1380). Even when the record is deficient, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Walls*, 582 F.3d at 1367 (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

---

[4] Plaintiff requests documents concerning three reports: (1) "Quality Assurance Process Needed to Improve Force Health Protection and Surveillance," GAO-03-1041; (2) "Quality Force Health Protection and Surveillance Policy Compliance Was Mixed, but Appears Better for Recent Deployments," GAO-05-120; and (3) "Actions Needed to Ensure Post-Traumatic Stress Disorder and Traumatic Brain Injury Are Considered in Misconduct Separations," GAO-17-260. *See* RFP at 5–7.

To prevail on his pending Motion, Mr. Manker must demonstrate that "the omission of extra-record evidence precludes effective judicial review" of the BCNR decision. *Manago*, 164 Fed. Cl. at 437 (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000)); *see also Kennedy*, 140 Fed. Cl. at 517 (noting that supplementation is appropriate "only if the existing record is insufficient to permit meaningful review consistent with 5 U.S.C. § 706"). Courts have found supplementation warranted when the plaintiff identifies probative evidence that was not available in the administrative proceedings, or colorably alleges that the administrative proceedings were tainted by "bad faith or bias." *Miller*, 119 Fed. Cl. at 727; *see also Okuda v. United States*, 160 Fed. Cl. 549, 557 (2022); *Sieben v. United States*, 108 Fed. Cl. 1, 6 (2012); *Bateson v. United States*, 48 Fed. Cl. 162, 165 (2000). The Court may review additional documents "beyond the existing record and allow Plaintiff[] to submit new evidence *only if*, (1) the evidence was unavailable below or (2) if there is a strong showing of bad faith or improper behavior which creates serious doubts about the integrity of the administrative action." *Bateson*, 48 Fed. Cl. at 165 (emphasis added). However, the supplemental information must consist of "probative evidence," that "tends to prove or disprove a point in issue." *Okuda*, 160 Fed. Cl. at 557 (quoting *Probative Evidence*, Black's Law Dictionary (11th ed. 2019)).

As explained below, Mr. Manker has neither demonstrated that the evidence sought is necessary for effective judicial review of the Board's decision nor sufficiently alleged that bad faith or bias tainted the decision-making process. Therefore, the Court denies the Motion and will base its review of the pending cross-motions on the administrative record developed before the BCNR.

### I.  Mr. Manker Fails to Establish that the Evidence Sought is Necessary for Effective Review of the Board's Decision.

Only evidence that is probative of the issues before the Court can fairly be said to be necessary for effective judicial review. The GAO reports and related documents Mr. Manker seeks discussing the implementation of military health surveillance obligations spanning from 2002 to 2005 and 2016 to 2018 are inapposite to Mr. Manker's challenge to the BCNR ruling. The salient question is whether the relevant statute and rules were properly applied to Mr. Manker, and whether the BCNR acted arbitrarily and capriciously in rejecting Mr. Manker's claims. Thus, discovery and supplementation of the record to encompass documents pertaining to the requested GAO reports, *see* RFP at 5–7, is not warranted. *See Kennedy*, 140 Fed. Cl. 506 (rejecting discovery where the information sought was irrelevant to the claims at issue); *Maxberry v. United States*, No. 16-cv-1256, 2017 WL 1854809, at *7 (Fed. Cl. May 8, 2017), *aff'd*, 722 F. App'x 997 (Fed. Cir. 2018) (same).

Even assuming *arguendo* that the proposed discovery into whether Mr. Raya falsely indicated that he conducted a PDHA is probative, Mr. Manker has not shown that it is necessary for effective judicial review of the Board decision. In the underlying proceedings, Mr. Manker submitted the PDHA form to the Board, *see* AR0064–67, and "consistently explained to the BCNR that the Marines failed to provide him with required [PDHA] examination." Reply at 5; *see* AR0048 ("the Marine Corps did not provide me . . . with [a] medical screening[]" after completion of the PDHA questionnaire); AR0051 ("I filled out a [PDHA] questionnaire—I

4

promptly gave it to my section leader and never spoke with anyone about my responses or my health."); AR0052 ("No [PDHA] was ever conducted to determine the extent of my combat PTSD or other wartime injuries."). Consequently, the record already reflects Mr. Manker's disagreement with the Board's, and AO's, conclusion that the health assessment occurred in 2003.

A de novo factual inquiry into whether the examination actually occurred is beyond the scope of the Court's limited review of military review board decisions. The Court will determine whether the Board's ruling is arbitrary and capricious, unsupported by substantial evidence, or contrary to law. That "does not require a reweighing of the evidence." *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983); *see also Hatmaker v. United States*, 136 Fed. Cl. 454, 460 (2018) (noting that "[t]he [C]ourt cannot reweigh the record evidence . . . because it is constrained by the 'substantial evidence' standard of review"). If the Board's resolution of this issue lacks record support or sufficient clarity, the Court can remand for further proceedings. *See Evans v. United States*, 129 Fed. Cl. 126, 130 (2016) (rejecting request to conduct proposed interrogatories to supplement the record and noting that remand is the "proper course" for inadequately explained or incomplete board decisions). "Where discovery requests involve supplementing the administrative record with materials that could encourage *de novo* review by the court, the motion to supplement must be denied." *Id*.

### II.     Mr. Manker Fails to Show Bad Faith or Improper Behavior by the Board.

Some courts have deemed cases where "bad faith or bias is alleged to have tainted the proceedings under review" to be an "exceptional circumstance[]" that permits the Court to supplement the administrative record and consider new evidence. *Miller*, 119 Fed. Cl. at 727; *see also Kennedy*, 140 Fed. Cl. at 506. Mr. Manker "does not accuse the BCNR of bad faith" but instead contends that reliance on Mr. Raya's alleged false certification "taints" the entire AO. Reply at 8 (cleaned up). Even if Mr. Raya intentionally misled the Navy, that is not enough to demonstrate that the Board acted in bad faith when it credited the AO's subsequent findings. *See Sieben*, 108 Fed. Cl. at 11 (denying plaintiff's request to supplement the record where "none of [plaintiff's] exhibits demonstrate[d] bad faith on behalf of the [Board]"). Nor does an alleged misrepresentation by one witness "create[] serious doubts about the integrity of the administrative action." *Kennedy*, 140 Fed. Cl. at 518 (citing *Stanton v. United States*, 111 Fed. Cl. 263, 266 (2013)). Accordingly, Mr. Manker's allegation of bad faith does not justify permitting discovery or supplementing the record.

### CONCLUSION

For the foregoing reasons, the Court finds that it can effectively review the challenged BCNR decision without a deposition of Mr. Raya, written discovery, or otherwise supplementing

the administrative record.  Accordingly, Mr. Manker's Motion for Leave to Conduct Limited Discovery, ECF No. 12, is **DENIED**.

    **IT IS SO ORDERED.**

                                                  ROBIN M. MERIWEATHER
                                                  Judge